IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMMAD Z. PIRZADAH and FAIZA PIRZADAH, | ) ) ) | |
| Plaintiffs, | ) ) | No. 21 C 2988 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| ERIE LASALLE VENTURE LLC and SEDGWICK DEVELOPMENT CORP., | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs have filed a Motion to Compel and extend the discovery deadline. For the following reasons, the Motion [Dkt. #32] is denied.

The plaintiffs' motion is flawed in a few ways and we'll begin with its timing. Fact discovery in this case closed on November 30, 2022 – a date chosen by the parties. [Dkt. #27, #24, at 5]. That deadline has been known for over six months, since back on June 9, 2022. Yet, the plaintiffs' motion to compel and extend that deadline came after the close of business on the final day of discovery. Eleventh hour motions for extensions of deadlines and last minute motions to compel discovery are generally unacceptable. Parties who wait until the last minute to file motions to compel or seek deadline extensions (as the government has made a habit of here) are "playing with fire." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). *See also Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 947 (7th Cir. 2020)(decrying last-minute requests for extensions); *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015); *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 538 (7th Cir. 2011). The timing of plaintiffs' combined motion is reason enough to deny it.

The plaintiffs appear to be unaware of the rules and case law that govern these types of things. Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 878 (7th Cir. 2021). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). *See also Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). The burden of demonstrating good cause and diligence under Rule 16(b)(4) is a more onerous burden than demonstrating "excusable neglect" under Rule 6(b)(1)(B). *Schloss v. City of Chicago*, 2021 WL 4962663, at *3 (N.D. Ill. 2021); *McCann v. Cullinan*, 2015 WL 4254226, at *10 (N.D. Ill. 2015). According to the plaintiffs' motion, the parties exchanged responses to discovery requests on September 7, 2022. But at that time, defendant apparently promised to produce documents and never has. Also at that time the plaintiffs sought to schedule the defendant's Director of Program Management for a deposition on November 30 – again, that's the day discovery was closing – but that date didn't work out. The only other activity plaintiffs' motion depicts are a communications between counsel to the effect that defendants are willing to produce responsive documents and schedule the deposition. That's all that has happened over the course of 3 months. There is no explanation for why the plaintiffs' motion – either for an extension or to compel or both – was not filed earlier. That is not a showing of diligence.

The plaintiffs' motion also fails to comply with Local Rule 37.2, which requires the parties to meet and confer in person or telephonically to resolve discovery disputes before bringing them to court. The requirements of that rule are specific, and are not optional. Discovery motions must

include:

> a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

N.D.Ill. Local Rule 37.2. The vague references to "communications between counsel" in plaintiffs' motion are not sufficient to meet the rule's requirement. Under the Rule, motions like the plaintiffs' need not be considered. N.D.Ill. Local Rule 37.2.

Finally, it should be noted that the plaintiffs' motion includes absolutely no citations to any authority in support of the relief it seeks. This, too, is unacceptable. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021)("[T]his court has repeatedly and consistently held that perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived."); *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 638 (7th Cir. 2021)("[Plaintiff] waived this argument by failing to develop it in any meaningful."); *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 886 (7th Cir. 2018)(skeletal arguments deemed waived). Beyond that, it should be noted that, ordinarily, motions to compel generally specify what the discovery requests at issue are. Some attorneys even go so far as to attach the requests and responses to their motions. All the court gets from the plaintiffs' motion is a vague reference to document requests.

And so, the plaintiffs' motion [Dkt. #32] is denied. However, given the plaintiffs' apparent unfamiliarity with applicable rules and case law, it is denied without prejudice to refiling should the parties be unable to resolve this dispute on their own. Of course, any motions must comply with the applicable rules and cite pertinent authority.

3

One final observation: There has been an air of disinterest among the parties in this litigation from the very beginning. The defendants failed to answer the complaint and then failed to respond to plaintiffs' motion for default judgment, and the court entered default judgment against them. Then when the defendants moved to vacate that judgment, the plaintiffs failed to respond and the case was reinstated. And now, it appears both sides have been similarly disinterested in discovery. Given the apparent lack of enthusiasm, this is a case that the parties ought to seriously attempt to settle so that no further expense will be needlessly incurred and that no further expenditure of judicial resources will be needlessly required.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 12/1/22

4